UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

YUEMING JI,

　　　　　　Petitioner,

　　v.

WARDEN, et al.,

　　　　　　Respondent.

No.  1:26-cv-03442 DJC SCR

**MINUTE ORDER**

　　　　Petitioner, an immigration detainee who is proceeding through counsel, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  District Judge Calabretta referred the matter to the undersigned pursuant to Local Rule 302(c)(17) and 28 U.S.C. § 636.  ECF No. 3.

　　　　The petition appears to challenge the outcome of a February 25, 2026, custody redetermination proceeding that was ordered by District Judge Calabretta in Ji v. Noem, No. 1:26-cv-1186 DJC CSK, 2026 WL 485287 (E.D. Cal. Feb. 20, 2026).  Respondent is directed to show cause why the writ should not be granted by filing an answer/return within fourteen (14) days from the date of this order.  See 28 U.S.C. § 2243.  Respondent shall also file a copy of the transcript of the February 25, 2026, proceeding with the answer/return.  Petitioner may file a reply/traverse to the answer/return within seven (7) days after being served a copy of it.  Absent a further order of the court, the petition will be taken under submission after the filing of the reply/traverse.

　　　　In order to ensure this court's jurisdiction to resolve the pending § 2241 petition, respondent shall not transfer petitioner to another detention center outside of this judicial district, pending further order of the court.  See 28 U.S.C. § 1651(a) (establishing the All Writs Act which empowers the federal courts to "issue all writs necessary or appropriate in aid of their respective jurisdictions…."); see also F.T.C. v. Dean Foods Co., 384 U.S. 597, 604 (1966) (emphasizing that federal courts have the power to "to preserve the court's jurisdiction or maintain the status quo by injunction pending review of an agency's action").

　　　　IT IS SO ORDERED.

1